IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James R. Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Director of The South Carolina Dept of Corrections; State of South Carolina et al.; Director of SCDC (Name Unknown); State of South Carolina State Agency,<br><br>    Defendants. | C/A: 0:25-cv-2806-SAL<br><br><br><br>**ORDER** |

  Plaintiff, James R. Brown, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he has been over-detained in the South Carolina Department of Corrections in violation of his constitutional rights. [ECF No. 1 at 5.] This matter is before the court on the Report and Recommendation ("the Report") issued by United States Magistrate Judge Paige J. Gossett pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). [ECF No. 23.] The Report recommends dismissal of Plaintiff's complaint without prejudice for failure to comply with a court order and failure to prosecute. The Report included a notice advising Plaintiff of his right to file objections, the deadline for doing so, and the consequences of inaction. *Id*. at 3. He did not file objections, and the time for doing so has expired.

  The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections to the Report, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error and adopts the Report. Rule 41 of the Federal Rules of Civil Procedure provides that a case can be dismissed "if the plaintiff fails to prosecute or to comply with these rules or a court order." Here, Plaintiff failed to comply with a court order to bring this case in proper form.

As a result, this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

August 1, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge